# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/12/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Qudrat S. Kapoor

**Case Number:** 00-10814

### Document Information

| | |
|---|---|
| **Description:** | Memorandum Opinion re: [108-1] Application For Administrative Expenses and for Equitable Apportionment of any fee earned in bad faith insurance claim by Jeffries & Rugge, PC . |
| **Received on:** | 2003-04-01 08:30:22.000 |
| **Date Filed:** | 2003-04-01 00:00:00.000 |
| **Date Entered On Docket:** | 2003-04-01 00:00:00.000 |

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
QUDRAT KAPOOR,
    Debtor.                                        No. 7-00-10814 S

**MEMORANDUM OPINION ON JEFFRIES & RUGGE, P.C.'S
APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE FEES
AND FOR EQUITABLE APPORTIONMENT OF ANY FEE
<u>EARNED IN BAD FAITH INSURANCE CLAIM</u>**

    This matter is before the Court on the Application for Allowance of Administrative Fees and for Equitable Apportionment of Any Fee Earned in Bad Faith Insurance Claim (doc. 108) ("Application") filed by Daniel J. Behles on behalf of the firm of Jeffries and Rugge, P.C. ("J&R"), Debtor's former counsel. The Trustee Oralia Franco filed an objection pro se (doc. 112), but since has hired the firm of Carpenter & Chavez to represent her. The United States Trustee ("UST") also filed an objection (doc. 103). The parties have also filed briefs: J&R (doc. 117); Trustee (doc. 121); and UST (doc. 119). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (B) and (K).

    Debtor, a physician, retained J&R on or about December 3, 1999, to represent him in connection with a pending state court action and a bad faith litigation action to be filed against an insurance company and hospital. J&R was employed on a contingency fee basis and paid $14,952.57 as a retainer.

J&R filed the actions and conducted research and pursued discovery. Debtor filed a chapter 7 petition on February 16, 2000. J&R still holds $4,430.88 in the retainer. In an earlier adversary proceeding before this Court, Adv. No. 00-1197, the Court determined that the actions filed by the Debtor were estate property. The chapter 7 trustee did not continue the employment of J&R in connection with the case. Instead, the chapter 7 trustee employed Carpenter & Chavez to represent her in the lawsuit.

J&R claims that any recovery the trustee receives will be in part due to the services provided by J&R. J&R argues state law that one cannot accept the benefits of a contract without assuming the burdens. J&R therefore requests an equitable apportionment of any fees earned in the case as an administrative expense. It also claims an attorney's charging lien.

Trustee objects to J&R's claim, arguing that J&R's claim is a prepetition unsecured claim. She claims that she did not employ J&R, and that therefore it is not entitled to an administrative claim. Furthermore, she claims that J&R has provided little or no information to her regarding the suit.

The UST also objects to J&R's claims. First, the UST argues that an attorney's charging lien cannot displace

priorities of the bankruptcy code. It also argues that J&R does not have a charging lien because there has not yet been a recovery. Finally, the UST argues that J&R is not entitled to an administrative claim because it is not a creditor and also because it was never employed by the Trustee.

**Benefits and Burdens**

J&R cites <u>Ulibarri Landscaping Material, Inc. v. Colony Materials, Inc.</u>, 97 N.M. 266, 639 P.2d 75 (Ct. App. 1981) for the general proposition that one cannot accept the benefits of a relationship without acknowledging the burdens and obligations of that relationship. This may be true under state law. It is certainly true when the trustee assumes a pre-petition contract. <u>Ashland Petroleum Company v. Appel (In re B&L Oil Company)</u>, 782 F.2d 155, 159 (10th Cir. 1986). <u>See also</u> 11 U.S.C. § 365(b) (Trustee must cure defaults, compensate for pecuniary loss and provide assurance of future performance to assume defaulted executory contract or unexpired lease.) It is clear from the record, however, that Trustee has not proposed to assume a contract with J&R. Therefore, Trustee need not assume the burdens associated with the contract.

**Administrative Claim**

Page -3-

Pursuant to 11 U.S.C. § 726(a)(1)[1] and § 507(a)(1)[2], administrative expenses allowed under § 503(b)[3] are entitled to priority of payment. The Court of Appeals for the Tenth Circuit has adopted the widely cited <u>Mammoth Mart</u> test, <u>Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)</u>, 536 F.2d 950 (1st Cir. 1976), for determining eligibility for administrative expense priority:

---

[1] 11 U.S.C. § 726(a)(1) provides: "... property of the estate shall be distributed --
 (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title ...

[2] 11 U.S.C. § 507(a)(1) provides: "The following expenses and claims have priority in the following order:
 (1) First, administrative expenses allowed under section 503(b) of this title..."

[3] 11 U.S.C. § 503(b) provides, in part:
(b) After notice and a hearing, there shall be allowed administrative expenses... including --
>   (1)(A) the actual, necessary costs and expenses of preserving the estate ...
>   (2) compensation and reimbursement awarded under section 330(a) of this title,
>   (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by --
>>     [creditors filing involuntary petition or recovering property transferred or concealed by the debtor, creditors connected with criminal prosecution, creditors making a substantial contribution in a case under chapter 9 or 11, superceded custodians of property, certain committee members]
>   (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection...
>   ...

Page -4-

> [T]he debt must arise from a transaction with the
> debtor-in-possession. When the claim is based upon
> a contract between the debtor and the claimant, the
> case law teaches that a creditor's right to payment
> will be afforded first priority only to the extent
> that the consideration supporting the claimant's
> right to payment was both supplied to and beneficial
> to the debtor-in-possession in the operation of the
> business.

Isaac v. Temex Energy, Inc. (In re Amarex, Inc.), 853 F.2d 1526, 1530 n.4 (10th Cir. 1988). "What is crucial is what <u>consideration</u> supports the [claim], and whether such consideration, or a portion of it, was pre-petition services." Id. at 1531 (Emphasis in original.) Only post-petition services that benefit the estate and are provided to the debtor-in-possession are entitled to priority. Id. Generally, claims arising from prepetition services to debtor are not entitled to administrative expense treatment[4]. Christian Life Center Litigation Defense Committee v. Silva (In re Christian Life Center), 821 F.2d 1370, 1373-74 (9th Cir. 1987). See also Bachman v. Commercial Financial Services, Inc. (In re Commercial Financial Services, Inc.),

---

[4] An exception is recognized for administrative expenses incurred prior to the filing of a bankruptcy petition that are compensable under 11 U.S.C. § 503(b)(3)(D) (relating to parties that have made a substantial contribution to a case under chapter 9 or 11 only) if those expenses are incurred in efforts which were intended to benefit and which did directly benefit the bankruptcy estate. Haskins v. United States (In re Lister), 846 F.2d 55, 57 (10th Cir. 1988).

Case 00-10814-s7    Doc 123    Filed 04/01/03    Entered 04/01/03 10:17:00 Page 6 of 14

246 F.3d 1291, 1295 (10th Cir. 2001)("[T]he liability must arise post-petition; it is not enough that the right to payment arose after the debtor in possession assumed control.").

J&R seeks administrative treatment for its services provided to the debtor pre-petition. First, under Amarex and Mammoth Mart J&R is not entitled to administrative priority because the services were provided on behalf of the debtor pre-petition, not the Trustee or a debtor-in-possession. Second, J&R does not fit into any category that would allow 503(b) treatment: (1) the services were not "rendered after the commencement of the case", see § 503(b)(1)(A); (2) the claim is not for compensation and reimbursement awarded under section 330(a)[5] because J&R was never hired under section 327, see § 503(b)(2); (3) sections 503(b)(3) and (4) do not apply because J&R has never been employed by a creditor of the debtor, see §§ 503(b)(3) and (4). See generally In re Albrecht, 245 B.R. 666, 670-71 (10th Cir. B.A.P. 2000).

In summary, J&R is not entitled to priority status as holder of an administrative claim for its services. To

---

[5] 11 U.S.C. § 330(a)(1) provides: "After notice ... and a hearing, ... the court may award to ... a professional person employed under section 327 ...-- [reasonable compensation and reimbursement of actual necessary expenses].

Page -6-

Case 00-10814-s7    Doc 123    Filed 04/01/03    Entered 04/01/03 10:17:00 Page 7 of 14

nevertheless give J&R an administrative claim would be to displace the payment priorities of the Code. <u>In re Studebaker's of Fort Lauderdale, Inc.</u>, 104 B.R. 411, 413 (Bankr. N.D. Fla. 1989). Thus, if J&R is entitled to any such recovery ahead of the non-priority unsecured claims, it will only be as the holder of a secured claim.

**<u>Attorney's Lien</u>**

Absent a federal law, "property" and "interests in property" are determined by reference to state law. <u>Barnhill v. Johnson</u>, 503 U.S. 393, 398 (1992)(<u>citing</u> <u>McKenzie v. Irving Trust Co.</u>, 323 U.S. 365, 369-70 (1945)). In bankruptcy, state law controls questions of attorneys' liens. <u>Electronic Metal Products, Inc. v. Bittman (In re Electronic Metal Products, Inc.)</u>, 916 F.2d 1502, 1504 (10th Cir. 1990); <u>Weed v. Washington (In re Washington)</u>, 242 F.3d 1320, 1322-23 (11th Cir. 2001); <u>Matter of Richland Building Systems, Inc.</u>, 40 B.R. 156, 157 (Bankr. W.D. Wi. 1984). Therefore, the determination of whether J&R has a valid attorney's lien depends on state law.

Cases often distinguish between attorney "retaining" liens and attorney "charging" liens:

> A retaining lien permits the attorney to retain possession of personal property of the client, such as a deposit or files, until fees are paid. A charging lien permits the attorney to satisfy his

>     fee claim out of the subject matter of the
>     litigation.

Electronic Metal Products, 916 F.2d at 1505. See also Thompson v. Montgomery & Andrews, P.A., 112 N.M. 463, 465, 816 P.2d 532, 534 (Ct. App.), cert. denied 112 N.M. 388, 815 P.2d 1178 (1991); Prichard v. Fulmer, 22 N.M. 134, 159 P. 39, 40 (1916). The lien in this case would be a charging lien, because J&R seeks to recover from the proceeds of the lawsuit.

Under New Mexico law, an attorney must satisfy a four part test to have a valid charging lien.

First, there must be a valid contract, either express or implied. Sowder v. Sowder, 127 N.M. 114, 117, 977 P.2d 1034, 1036 (Ct. App. 1999). The contract does not have to assert the lien explicitly. Id.

Second, the attorney must recover a fund. Id. This element is somewhat flexible; the predecessor attorney who has played some part in the recovery may be paid if a successor attorney recovers the fund. Rhodes v. Martinez, 122 N.M. 439, 443, 925 P.2d 1201, 1205 (Ct. App. 1996), overruled on other grounds, Cherpelis v. Cherpelis, 125 N.M. 248, 259 P.2d 973 (1998); see Robison v. Campbell, 99 N.M. 579, 585, 661 P.2d 479, 485 (Ct. App.), cert. denied, 99 N.M. 578, 661 P.2d 478 (1983).

The third requirement is:

Page -8-

> that clear and unequivocal notice be given of the
> intention to assert a lien against any judgment or
> recovery so that all parties concerned are aware
> that no voluntary payment should be made without
> protecting the attorney's claim of fees and costs.

Sowder, 127 N.M. at 117, 977 P.2d at 1037 (citing Thompson v. Montgomery & Andrews, P.A., 112 N.M. at 466, 816 P.2d at 535). Notice must be given to opposing counsel and opposing counsel's client and the client of the attorney asserting the lien. Id. It appears that filing some sort of notice in the lawsuit is also a prerequisite. See Thompson, 112 N.M. at 466, 816 P.2d at 535 ("Additionally, the attorney claiming a charging lien should file notice of such lien in the court file, if suit is then pending, or later, when filed."); Rhodes v. Martinez, 122 N.M. at 443, 925 P.2d at 1205 ("Camacho properly filed his lien in the underlying lawsuit before the Branch firm entered its appearance and later mailed a copy to the Branch firm. There is no assertion that Camacho gave inadequate notice of his claim."); Cherpelis, 125 N.M. at 250, 959 P.2d at 975 (attorney filed a motion in the lawsuit for a charging lien. Notice was not raised as an issue.); Sowder, 127 N.M. at 116-17, 977 P.2d at 1036-37 (Attorney filed notice in County Clerk's office and District Court invalidated lien because party did not receive notice that was clear and unequivocal. Court of Appeals did not decide whether notice

Case 00-10814-s7    Doc 123    Filed 04/01/03    Entered 04/01/03 10:17:00 Page 10 of 14

was proper, but rather invalidated lien because it was not timely.); Moffat v. Branch, 132 N.M. 412, 49 P.3d 673, 674 (N.M. Ct. App. 2002)(Moffat filed a notice of attorney charging lien in federal court; lack of notice not discussed).

The fourth requirement for a charging lien is timely assertion. Sowder, 127 N.M. at 117, 977 P.2d at 1037.

In the present case, the Court lacks the evidentiary foundation necessary to determine whether J&R has an attorney charging lien. Relevant portions of the attorney-client contract are set out in J&R's brief, and it appears that a lien was within the contemplation of the parties. The Court cannot determine if proper notice of the lien was given to the required parties[6] or when. Therefore, the Court should deny the Motion without prejudice to the extent it seeks to establish an attorney's charging lien.

An issue not discussed in the briefs is whether, when or how an attorney's charging lien can be perfected under state law[7], whether the automatic stay would have prevented

---

[6] In its brief J&R states that it timely filed notice of its charging lien. Argument in the brief is not evidence, however. Furthermore, filing the lien may be necessary but not sufficient notice under the cases discussed above.

[7] See In re Studebaker's of Fort Lauderdale, Inc., 104 B.R. at 412-13 ("Bankruptcy does not invalidate a charging lien perfected prior to the filing of the petition."). See also Philipbar v. Philipbar, 127 N.M. 341, 345, 980 P.2d 1075, 1079

Page -10-

perfection if the lien was not already perfected when the chapter 7 was filed, and the power of a chapter 7 trustee to avoid perfection. Therefore, the Court makes no findings or conclusions related to these issues.

**Conclusion**

Based on the foregoing, the part of the Application which seeks an administrative claim will be denied. The part which seeks the imposition or recognition of an attorney's lien against estate property will be denied without prejudice to J&R proving up an attorney's lien, establishing that it holds a secured claim by virtue of the funds which it received prepetition and still holds, or both. This result is not inequitable or against common sense, since J&R had the opportunity to protect its interest, however small or great it

---

(Ct. App. 1999)("A charging lien is perfected by giving clear and unequivocal notice to all interested parties of the intention to assert it."). Compare Electronic Metal Products, 916 F.2d at 1505 (Attorney must file notice of lien to perfect against trustee; applying Colorado law.); Efraim Rosen, Inc. v. Tavormina (Matter of Armando Gerstel, Inc.), 43 B.R. 925, 929-30 (Bankr. S.D. Fla. 1984), aff'd in part and rev'd in part on other grounds, 65 B.R. 602 (S.D. Fla. 1986)(Florida's common law attorney lien perfects through notice and once lien attaches it relates back in time to commencement of services.) See also In re Albert, 206 B.R. 636, 640 and n.3 (Bankr. D. Mass. 1997)(Discussing liens that relate back to commencement of attorney's services and impact of § 546(b).)

might be, through the filing of a retaining lien[8] or a charging lien prior to the petition being filed.  If it has failed to do that, it will have simply contributed to the well being of the debtor's estate, as is the situation with all the other creditors holding non-priority unsecured claims.

    If J&R seeks to refile papers to establish a lien against property of the estate, it must file an adversary proceeding. See Federal Bankruptcy Rule 7001(2).  Similarly, if the Trustee continues to seek the return of some or all of the prepetition retainer, see Objection to Jeffries & Rugge, P.C.'s Application for Allowance of Administrative Fees and for Equitable Apportionment of Any Fee Earned in Bad Faith Insurance Claim (doc 112) ("Trustee's Objection")[9], she too

---

[8] See § 542(e), which requires an attorney to turn over or disclose to the trustee recorded information relating to the debtor's property, subject to "any applicable privilege."

[9] The Trustee suggested the payment of the prepetition retainer was a preferential transfer (§ 547), Trustee's Objection at 1, but the United States Trustee stated that the payment of the fees would probably not be called into question unless it were pursuant to § 329.  United States Trustee's Brief in Opposition to Jeffries and Rugge's Administrative Claim for Attorney Fees (doc 119) ("UST Brief"), at 6.  However, § 329 refers to "[A]ny attorney representing a debtor in a case under this title, or in connection with such a case...," and the United States Trustee states that J&R never represented the trustee, and that "J&R asserts it has always represented the debtor individually only" [i.e., never as bankruptcy counsel].  UST Brief, at 1.

Page -12-

Case 00-10814-s7    Doc 123    Filed 04/01/03    Entered 04/01/03 10:17:00 Page 13 of 14

must do that in the context of an adversary proceeding.

Federal Bankruptcy Rule 7001(1).

                              /s/ James S. Starzynski
                              Honorable James S. Starzynski
                              United States Bankruptcy Judge

I hereby certify that on April 1, 2003, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered, or mailed to the listed counsel and parties.

William H Carpenter
1600 University Blvd NE Ste A
Albuquerque, NM 87102-1724

Daniel J Behles
PO Box 415
Albuquerque, NM 87103-0415

Oralia B. Franco
2000 E Lohman Ste B
Las Cruces, NM 88001-3100

United States Trustee
c/o Atty Leonard Martinez-Metzgar
PO Box 608
Albuquerque, NM 87103-0608

                              /s/ James E. Burke

Page -13-

Case 00-10814-s7    Doc 123    Filed 04/01/03    Entered 04/01/03 10:17:00 Page 14 of 14